**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ROYAL ENTERTAINMENT EVENTS, LLC,<br>*Plaintiff,*<br><br>v.<br><br>LEVY PREMIUM FOODSERVICE LIMITED PARTNERSHIP,<br><br>*Defendant.* | ) | Case No.: 1:25-cv-05721<br>Judge: Hon Charles P. Kocoras<br>Magistrate: Hon. M. David Weisman |

**PLAINTIFF'S MOTION FOR REMAND TO STATE COURT PURSUANT TO 28. U.S.C. §§ 1441 & 1447**

NOW COMES Plaintiff, Royal Entertainment Events, LLC ("Royal Entertainment" or "Plaintiff"), by and through its counsel, Quarles & Brady LLP, for its Motion to Remand to State Court Pursuant to 28 U.S.C. §§ 1441(b) and 1447(c), and states as follows:

## INTRODUCTION

Royal Entertainment moves this Court to remand this case to the Circuit Court of Cook County, Illinois ("Illinois State Court"), because Defendant, Levy Premium Foodservice Limited Partnership ("Levy" or "Defendant"), is a citizen of the State of Illinois, and 28 U.S.C. § 1441(b)(2) ("the forum-defendant rule") deprives this Court of jurisdiction where the defendant is a citizen of the state in which it was sued. *See* 28 U.S.C. § 1441(b)(2).

## FACTS

In this case, Royal Entertainment claims that Defendant (1) fraudulently induced it into entering a contract to sell concessions at a motor raceway in Richmond, Virginia, and (2) terminated its related contract with respect to the sale of concessions at a motor raceway in Daytona, Florida, in bad faith. *See* [1-1], Second Amended Compl. ¶ 1. Royal Entertainment filed its original Complaint and Amended Complaint against Levy GP Corporation in Illinois State Court on September 13, 2024, and January 17, 2025, respectively. *See* [1-2] at pp. 4, 26.

On February 27, 2025, counsel appeared in Illinois State Court on behalf of Levy GP Corporation. *See* [1-2] at p. 116. On May 19, 2025, Royal Entertainment and Levy GP Corporation filed an "Agreed Motion for Leave to Amend Complaint to Add Proper Party" ("Agreed Motion") seeking to change the name of the defendant in the Illinois State Court case from Levy GP Corporation to "Levy Foodservice Limited Partnership." *See* [1-2] at pp. 137-55). Levy GP Corporation, the original defendant in the Illinois State Court case, is a limited partner of Levy. Levy GP Corporation and Levy were represented by the same counsel in the Illinois State Court case. *See* [3, 8].

Counsel for Royal Entertainment and Levy GP Corporation appeared in Illinois State Court on May 20, 2025, regarding the Agreed Motion. The Court then entered an order granting leave for Royal Entertainment to file its Second Amended Complaint to add Levy as the proper defendant and required Levy to answer or otherwise plead to the Second Amended Complaint by June 21, 2025 (the "Order"). *See* [1-2] at p. 155.

Consistent with the Order, Royal Entertainment filed its Second Amended Complaint naming Levy as the defendant in the underlying dispute at 1:50 p.m. on May 21, 2025. *See* [1-1]. Despite having agreed in Illinois State Court on May 21, 2025, that Levy should be named in the Illinois State Court case, Levy, through the same counsel as Levy GP Corporation, filed a notice of removal of the case to this Court at 10:13 p.m.—i.e., roughly eight (8) hours later—("Removal Notice") on the same day. *See* [1]. In its Removal Notice, Levy admitted that it is a citizen of Illinois but claimed this Court has jurisdiction because Levy was not a "party in interest" in the Illinois State Court case because it had not been served with the Second Amended Complaint. *See* [1] ¶ 5. Levy was served with Summons and the Second Amended Complaint on June 3, 2025. *See* [9].

## LEGAL STANDARD

Pursuant to 28 U.S.C. § 1447(c) this Court may entertain a motion for remand which is filed on or before June 20, 2025. *See* 28 U.S.C. § 1447(c); *see also* [1]. Plaintiff is entitled to deference with respect to its choice of forum. *Norwegian Air Shuttle ASA* v. *Boeing Co.*, 530 F. Supp. 3d 764, 769 (N.D. Ill. 2021).

## ARGUMENT

Although Royal Entertainment is the movant, Defendant Levy bears the burden to overcome the presumption that the forum-defendant rule is inapplicable and that Royal Entertainment's choice of Illinois State Court should be ignored. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921) (describing the defendant's burden to prove that removal is appropriate); *Pennsylvania Manufacturers' Ass'n Ins. Co. v. Fidelitone, Inc.*, No. 23 C 16940, 2024 WL 1461459, at *2 (N.D. Ill. Apr. 4, 2024). That burden is heavy. *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992); *Morris v. Nuzzo*, 718 F.3d 660, 666 (7th Cir. 2013). The Seventh Circuit and this Court have been clear about the presumption in favor of remand. *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993) (describing the presumption in favor of remand); *Newman v. Prudential Ins. Co. of Am.*, No. 09 C 2908, 2009 WL 2475112, at *1 (N.D. Ill. Aug. 11, 2009).

Levy fails to meet the burden described above because snap removal—i.e., when a defendant removes a case to federal court before formal service of process—is inappropriate here, as it would create an absurd result.

**Snap Removal is Inappropriate Because it Would Create an Absurd Result.**

Assuming *arguendo*, that Levy was not a party in interest in the Illinois State Court case[1], it would be inappropriate for the Court to exercise jurisdiction in this instance.

To permit Levy to remove in this instance is absurd for two reasons. First, it is absurd because Levy's counsel agreed that his client should be added to the Illinois State Court case, only to remove the case to this Court a day later. Second, it is absurd to permit Levy, an Illinois citizen, to remove a case to federal court on the same day it was added as a defendant in the Illinois State Court case before it could have been served with the Second Amended Complaint. *See Jefferson* v. *United States*, 546 F.3d 477, 483 (7th Cir. 2008); *see also In re Testosterone Replacement Therapy Products Liability Litigation*, 67 F. Supp. 3d 952 (N.D. Ill. 2014). The intent of the forum-defendant rule is rooted in the genuine interests and citizenship of the parties; historically, in-state defendants lacked the rationale to seek refuge from state court bias in a District Court within the same state. *See Pennsylvania Manufacturers' Ass'n Ins. Co*, No. 23 C 16940, 2024 WL 1461459, at *4; s*ee also Lumbermen's Mut. Cas. Co. v. Elbert*, 348 U.S. 48, 54 (1954) (Frankfurter, J., concurring).

*In re Testosterone Replacement Therapy* is particularly persuasive in this instance, because the defendants in that case were also Illinois citizens seeking to remove to federal court before they had been formally served with a complaint. *See id.* at 961. Here, as in *In re Testosterone Therapy*, Levy is seeking to exploit the fact that it could not be served with the Second Amended Complaint before filing its Removal Notice. *See id.* As noted earlier, Royal Entertainment filed its Second Amended Complaint at 1:50 p.m. on May 21, 2025. *See* [1-1]. At

[1] *See* [1-2] at pp. 155 (compelling Defendant Levy to answer the Second Amended Complaint by June 21, 2025, in the Illinois State Court case).

that time, Levy was fully aware of the Order compelling its response to the Second Amended Complaint. *See* [1-2] at p. 155. Levy, a business entity, then gave Royal Entertainment roughly two (2) hours to serve Levy's registered agent with a Summons—which had not even been issued yet—before Levy's registered agent's close of business at 4:00 p.m. on May 21, 2025, before filing its Removal Notice. *See* [1]. Pursuant to the reasoning in *In re Testosterone Replacement Therapy*, that result is absurd, undermines the forum-defendant rule, and should not be permitted in this case. *See In re Testosterone Replacement Therapy Products Liability Litigation*, 67 F. Supp. 3d at 952.

## CONCLUSION

Royal Entertainment moves to remand this matter to Illinois State Court because allowing Levy to remove to federal court would create an absurd result and undermine the forum-defendant rule. Remand is thus the only remedy.

WHEREFORE, Plaintiff respectfully prays the Court remand this cause to the Circuit Court of Cook County, Illinois.

Dated: June 20, 2025

Respectfully submitted,

/s/ *Taylor R. Rioux*

Steven V. Hunter (IL ARDC#6277695)
Taylor R. Rioux (IL ARDC#6350076)
QUARLES & BRADY LLP
155 North Wacker Drive, Suite 3200
Chicago, Illinois 60606
(312) 715-5000
Steven.Hunter@quarles.com
Taylor.Rioux@quarles.com

*Attorneys for Plaintiff Royal Entertainment Events, LLC*

## CERTIFICATE OF SERVICE

Taylor Rioux hereby certifies that, in accordance with Fed. R. Civ. P. 5. and LR 5.5 and the General Order on Electronic Case Filing (ECF), the Notice of Remand was served pursuant to the District Court's ECF system as to ECF filers.

/s/*Taylor Rioux*

QB\97083319.2