# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| ROYAL ENTERTAINMENT EVENTS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 25 C 5721 |
| | ) | |
| LEVY PREMIUM FOODSERVICE LIMITED PARTNERSHIP, | ) | Judge Charles P. Kocoras |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff's Motion to Remand [13] is denied. Plaintiff's response to Defendant's Motion to Dismiss [16] is due by 11/4/2025, and Defendant's reply is due by 11/19/2025. See Statement.

## STATEMENT

Plaintiff Royal Entertainment Events, LLC ("Royal") initiated this action in the Circuit Court of Cook County, Illinois, on September 13, 2024. Levy GP Corporation was named as the defendant. On May 19, 2025, Royal and Levy GP Corporation filed an "Agreed Motion for Leave to Amend Complaint to Add Proper Party," which sought to change the defendant from Levy GP Corporation to Levy Foodservice Limited Partnership ("Levy"). Levy GP Corporation is a limited partner of Levy. The state court granted the agreed motion, and Royal filed its second amended complaint

("SAC") on May 21, 2025.[1] Later that day, before it had been served with summons and the SAC, Levy removed the case to federal court based on diversity jurisdiction. Royal now moves to remand the case back to state court.

In its Notice of Removal, Levy claims to be a citizen of Delaware, Illinois, North Carolina, and Spain. Levy further alleges that Royal is a Delaware LLC with its principal place of business in Mississippi, and that Royal's members are likely citizens of Mississippi and not citizens of any of the states in which Levy is a citizen.[2] Typically, Levy's Illinois citizenship would preclude removal under the forum-defendant rule. *See* 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."). But Levy argues it is not subject to the forum-defendant restriction because it had not been served with process and the SAC when it noticed removal. "Preservice removal is often referred to as 'snap removal' because it involves quickly filing for removal before service can be made." *Norwegian Air Shuttle ASA v. Boeing Co.*, 530 F. Supp. 3d 764, 767 (N.D. Ill. 2021). Basically, "[b]ecause it beat the process server to the punch," Levy claims it can deprive Royal of its choice of forum. *Id.*

---

[1] The SAC brings claims against Levy for fraudulent inducement, breach of the duty of good faith and fair dealing, breach of contract, and unjust enrichment.

[2] Royal does not dispute this characterization in its motion to remand.

"Only a handful of circuits have formally adopted the practice of snap removal," and the Seventh Circuit "has neither adopted nor rejected the practice." *Rao v. J.P. Morgan Chase Bank, N.A.*, 2025 WL 2462432, at *3 n.3 (7th Cir. Aug. 27, 2025), *reh'g denied*, 2025 WL 2752720 (7th Cir. Sept. 29, 2025) (collecting cases). Courts in this district are split on its usage. *See id.* (citing *D.C. by & through Cheatham v. Abbott Lab'ys Inc.*, 323 F. Supp. 3d 991, 997 (N.D. Ill. 2018) (upholding snap removal); and *Vivas v. Boeing Co.*, 486 F. Supp. 2d 726, 733–34 (N.D. Ill. 2007) (rejecting snap removal)). Some courts follow a plain language approach and have held that the "properly joined and served" language in the statute means that the forum defendant rule is not triggered by the presence of an in-state defendant who has not yet been served. *See*, *e.g.*, *Grandinetti v. Uber Techs., Inc.*, 476 F. Supp. 3d 747, 754 (N.D. Ill. 2020) ("The plain meaning of the governing statute leaves no wiggle room: removal is barred only when any 'properly joined and served' defendant is a forum citizen."); *Great W. Cas. Co. v. CR Express, Inc.*, 2024 WL 3495231, at *4 (N.D. Ill. July 22, 2024) ("[S]ection 1441(b)(2) unambiguously allows an in-state defendant to remove a case to federal court if that party was not properly served. The plain meaning controls."). Other courts follow a purpose approach and have held that snap removal "frustrate[s] the consistent efforts of both Congress and the courts to determine diversity jurisdiction based on the genuine interests of the parties to the controversy." *In re Testosterone Replacement Therapy Prod. Liab. Litig.*, 67 F. Supp. 3d 952, 960 (N.D. Ill. 2014) (internal citations omitted). In this Court's view, the language of the statute

is unambiguous. Levy was entitled to remove the case when it did because it had not yet been served with process.

In its Reply, Royal emphasizes that it is "not challenging the efficacy of snap removal generally," rather, it is arguing that "snap removal is not appropriate *in this instance* because to permit snap removal *in this instance* creates an absurd result." Dkt. # 25, at 3 (emphasis in original). Royal accuses Levy of exploiting the Illinois Rules of Civil Procedure, which do not permit immediate service—if Royal could have served the SAC at the time it was filed, it would have. Royal also stresses that counsel for Levy GP Corporation and Levy is one and the same, which further highlights the absurdity of Levy's actions in removing the case. Levy reasonably responds that Levy GP Corporation—not Levy—agreed to the amended complaint; *Levy* did not consent to litigating the claims in state court or waive its right to removal.

The Court disagrees with Royal. Permitting snap removal in this instance does not produce an absurd result. "The absurdity bar is high, as it should be. The result must be preposterous, one that no reasonable person could intend." *Tex. Brine Co. v. Am. Arb. Ass'n, Inc.*, 955 F.3d 482, 486 (5th Cir. 2020); *see also Serv. Corp. Int'l v. Stericycle, Inc.*, 2020 WL 6565253, at *4 (N.D. Ill. Nov. 9, 2020) ("Interpreting the removal statute this way may be peculiar but the outcome is not so outlandish as to constitute an absurd or bizarre result.") (cleaned up). Had Levy been properly named as a defendant in the first instance, it would have had the right to remove the case prior to being served. In effect, by filing the SAC that removed Levy GP Corporation and

added Levy, Royal initiated a new case. Simply because Levy GP Corporation declined to exercise pre-service removal rights does not mean Levy is foreclosed from exercising its own rights.

When all is said and done, the plain language controls and it is not the Court's role rewrite the statute – that's Congress's job. *See Stericycle, Inc.*, 2020 WL 6565253, at *4 ("Should Congress determine that removal where an in-forum defendant has not been served constitutes an abuse of the judicial system, Congress will rewrite the statute."); *Grandinetti*, 476 F. Supp. 3d at 756 ("Even a result that produces a serious disparity is for Congress to fix, not the courts."); *Great W. Cas. Co.*, 2024 WL 3495231, at *4 ("Allowing an in-state defendant to remove a case before service of process – but not *after* – service of process – may not seem like the most sensible line to draw. But Congress holds the pen, and draws the lines."). Royal's motion to remand is denied.

**CONCLUSION**

For the foregoing reasons, Royal's Motion to Remand [13] is denied. Royal's response to Levy's Motion to Dismiss [16] is due by 11/4/2025, and Levy's reply is due by 11/19/2025. See Statement.

It is so ordered.

Charles P. Kocoras
Charles P. Kocoras
United States District Judge

Dated: October 15, 2025